■ TRITON PARTNERS LLC, Appellant-Respondent, v PRU-DENTIAL SECURITIES INCORPORATED, Respondent-Appellant. [752 NYS2d 870] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 24, 2001, which granted defendant's motion to dismiss the complaint in part, unanimously modified, on the law, to grant the motion in its entirety, and thus to dismiss plaintiff's remaining claim alleging fraudulent inducement, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Even if we were to accept, for the purpose of the motion to dismiss, that plaintiff's conflicting allegations may be interpreted as stating a claim against defendant for misrepresentation of a present fact collateral to the engagement letter (*see Deerfield Communications Corp. v Chesebrough-Ponds, Inc.*, 68 NY2d 954), plaintiff's claim of reasonable reliance on defendant's promise to proceed with the transaction is belied by the provision of the engagement letter permitting defendant to terminate without cause on 10 days' notice (*see Prestige Foods v Whale Sec. Co.*, 243 AD2d 281, 282).

Plaintiff's breach of oral contract claim was correctly dismissed since the terms of the alleged oral "take down" agreement conflicted with the terms of the engagement letter (*see Mitchill v Lath*, 247 NY 377, 381; *Namad v Salomon Inc.*, 147 AD2d 385, 387, *affd* 74 NY2d 751).

The breach of the covenant of good faith and fair dealing claim was properly dismissed since it was merely a substitute for a nonviable breach of contract claim (*see Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304). "A party has an absolute, unqualified right to terminate a contract on notice pursuant to an unconditional termination clause without court inquiry into whether the termination was activated by an ulterior motive" (*Big Apple Car v City of New York*, 204 AD2d 109, 111; *accord A.J. Temple Marble & Tile v Long Is. R.R.*, 256 AD2d 526).

We have considered plaintiff's other arguments, including

those pertaining to the dismissal of its promissory estoppel claim, and find them unavailing. Concur—Nardelli, J.P., Tom, Mazzarelli, Andrias and Saxe, JJ.