Phoenix Capital Investments LLC, Respondent-Appellant, v Ellington Management Group, L.L.C., Appellant-Respondent. [859 NYS2d 46]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered November 13, 2007, which granted defendant's dismissal motion only to the extent of dismissing part of the first cause of action and the entire fourth and sixth causes of action, unanimously modified, on the law, the fifth and seventh causes of action dismissed as well, and otherwise affirmed, with costs in favor of defendant payable by plaintiff.

The 2000 agreement and its 2003 revisions, when read together, made clear that plaintiff was entitled to a fee for bringing defendant and prospective investors together only if the actual investment was made within one year of either the last

contact between plaintiff and a particular investor on defendant's behalf, or one of the parties providing the other with a written termination of the agreement, whichever occurred earlier. Plaintiff claims it introduced defendant to a prospective investor, Norges Bank, and expended considerable time and expense encouraging Norges Bank to invest in the funds managed by defendant. Several weeks after an introductory meeting, defendant terminated the agreement with plaintiff. Norges Bank did eventually invest with defendant, but two years later. Under the explicit terms of the contract, which plaintiff negotiated and, in 2003, renegotiated, plaintiff was not entitled to an annual fee of 1% as a consequence of the Norges Bank investment. Plaintiff's claim that the 2003 amendment omitted—and thus eliminated—this one-year "tail" provision is belied by the terms of the 2003 amendment, which provided that the original fee schedule would continue, with exceptions not applicable herein, and even expanded the tail provision.

Plaintiff's claim that defendant caused Norges Bank to purposely delay its investment until after the lapse of the one-year tail period, so as to impede plaintiff's recovery of its fee, is an invalid substitute for its nonviable breach of contract claim (*Triton Partners v Prudential Sec.*, 301 AD2d 411 [2003]). The claim is defeated since defendant, in terminating its agreement with plaintiff, acted entirely within the agreement termination provision (*id.*). Plaintiff actively negotiated the tail provision, with all its risks and benefits to both parties, and cannot nullify that provision on the basis of a bare allegation that defendant acted unfairly, both in terminating the agreement and in exercising its rights pursuant to the tail provision (*Gallagher v Lambert*, 74 NY2d 562, 567 [1989]). We adhere to the well-established principle that the implied covenant of good faith and fair dealing will be enforced only to the extent it is consistent with the provisions of the contract (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304 [1983]; *SNS Bank v Citibank*, 7 AD3d 352, 354-355 [2004]). To allow plaintiff to plead a conclusory claim that defendant contrived with Norges Bank to delay its investment of hundreds of millions of dollars for two years so as to avoid paying plaintiff its fee, thereby breaching an implied covenant of good faith and fair dealing, would unjustifiably frustrate the expectations of the parties as made explicit in the contract. The stark inconsistency between the claim and the negotiated terms of the contract requires that the claim be dismissed.

For similar reasons, plaintiff's claim under the Connecticut Unfair Trade Practices Act (Conn Gen Stat § 42-110b [a]) must

be dismissed. The claim is defeated because defendant, by adhering to the precise terms of the negotiated contract, did not act wrongfully (*Ramirez v Health Net of Northeast, Inc.*, 285 Conn 1, 21, 938 A2d 576, 590 [2008]; *Edmands v CUNO, Inc.*, 277 Conn 425, 451, 892 A2d 938, 955 [2006]).

Finally, plaintiff has failed to adequately plead a claim that defendant tortiously interfered with its prospective business relations with Norges Bank involving other potential investment opportunities from which plaintiff might have realized additional fees. Initially, the claim that in some unelaborated manner defendant directed Norges Bank, which had several hundred million dollars to invest in defendant's funds and elsewhere, to cease all communications with plaintiff, thus freezing plaintiff out of unrelated business opportunities with Norges Bank, fails as entirely conclusory (*Jacobs v Continuum Health Partners*, 7 AD3d 312 [2004]; *Herman v Greenberg*, 221 AD2d 251 [1995]). Moreover, the complaint fails to allege the requisite malice— that defendant acted solely to harm plaintiff, or that the conduct constituted a crime or independent tort or was otherwise egregious (*Carvel Corp. v Noonan*, 3 NY3d 182, 189 [2004]). Concur—Lippman, P.J., Andrias, Nardelli, Acosta and DeGrasse, JJ.