■ SOUTHERN WINE & SPIRITS OF AMERICA, INC., et al., Appellants, v IMPACT ENVIRONMENTAL ENGINEERING, PLLC, et al., Respondents. [915 NYS2d 541]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered November 6, 2009, which, inter alia, granted defendants' motion to dismiss the amended complaint, unanimously affirmed, with costs.

Dismissal of the action was appropriate since plaintiffs failed to comply with the express, bargained-for condition precedent to their right to bring an action against defendants (see Yonkers Contr. Co. v Port Auth. Trans-Hudson Corp., 208 AD2d 63 [1995], affd 87 NY2d 927 [1996]; see also Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 690-692 [1995]). The agreements between the parties made the submission by plaintiffs of an expert certification to defendants a condition precedent to plaintiffs' right to bring any legal action against defendants. Plaintiffs failed to submit such certification prior to commencing this action and their efforts to utilize the relation-back doctrine to cure the defective initial complaint are unavailing. Relation back applies to the amendment of claims and par-

ties and is dependent upon the existence of a valid preexisting action (*see Carrick v Central Gen. Hosp.*, 51 NY2d 242, 248-249 [1980]). Here, however, the original complaint was brought by plaintiffs in violation of the condition precedent, and plaintiffs cannot rely upon CPLR 203 (f) to cure such failure to comply (*see Goldberg v Camp Mikan-Recro*, 42 NY2d 1029 [1977]).

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Freedman and Manzanet-Daniels, JJ.