■ LINDA SHENWICK, Derivatively on Behalf of HIMELSEIN MANDEL OFFSHORE LIMITED, Appellant, v HM RUBY FUND, L.P., et al., Respondents, et al., Nominal Defendant. [966 NYS2d 69]—

Order, Supreme Court, New York County (Melvin Schweitzer, J.), entered June 7, 2012, which, to the extent appealed from, granted the motion of defendants HM Ruby Fund, L.P., Wayne Himelsein, Jason G. Mandel, Himelsein Mandel Advisors LLC and Himelsein Mandel Fund Management LLC to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3) and (7), and granted the motion of defendants Evan Burtton and Vijayabalan Murugesu to dismiss the complaint pursuant to CPLR 3211 (a) (7) and (8), unanimously affirmed, with costs.

Plaintiff, an investor in the nominal defendant Offshore Fund which is registered in the Cayman Islands, commenced this derivative action against the managers, directors and investment advisors of the fund alleging that they engaged in self-dealing by artificially inflating the value of assets held by the fund,

thereby also artificially inflating the fund's net asset value so that they would receive higher compensation and bonuses. Plaintiff's action, however, may not be maintained under the law of the Cayman Islands, which the parties agree is applicable (*see e.g. In re BP p.l.c. Derivative Litig.*, 507 F Supp 2d 302 [SD NY 2007]).

The Cayman Islands modeled its laws predominantly on English common law, which prohibits shareholder derivative actions (*see e.g. Foss v Harbottle*, 2 Hare 461 [Eng. 1843]), unless an exception to the general rule applies (*id.*). Although there are four exceptions, the only one advanced here is the "fraud-on-the-minority" exception. For this exception to be properly pleaded, it must generally be shown that the defendants, as a result of their wrongful conduct, obtained a personal benefit at the company's expense (*see e.g. In re Tyco Intl., Ltd.*, 340 F Supp 2d 94, 102 [D NH 2004]).

Here, plaintiff's allegations fail to meet even this broad standard. There is no indication that defendants' conduct in setting the net asset value of the fund contributed to the collapse of the fund, resulted in compensation beyond the normal emoluments of office, or came, in some special way, at the expense of shareholders (*Winn v Schafer*, 499 F Supp 2d 390, 398 [SD NY 2007]). Plaintiff's lack of standing to sue in a derivative capacity requires dismissal of the action.

The remainder of the motions are therefore moot and the arguments advanced on appeal academic. We note, however, that we agree with the motion court's determination that the courts of New York State do not have personal jurisdiction over the foreign directors named as defendants (*Pramer S.C.A. v Abaplus Intl. Corp.*, 76 AD3d 89, 95-96 [1st Dept 2010]). Concur—Acosta, J.P., Renwick, Richter and Feinman, JJ.