■ NOMURA ASSET ACCEPTANCE CORPORATION ALTERNATIVE LOAN TRUST, Appellant, v NOMURA CREDIT & CAPITAL, INC., Respondent. [31 NYS3d 863]—

Judgment, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 27, 2013, dismissing the complaint, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 24, 2013, which granted defendant's motion to dismiss the complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The motion court erred to the extent it found that the claims for breach of the loan representations accrued on May 1, 2006, the date of the mortgage loan purchase agreements (MLPA) containing those representations. While such claims typically accrue at the time the contract containing the representations

is executed (*see ACE Sec. Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Structured Prods., Inc.*, 25 NY3d 581 [2015]), as the MLPA here specifically provides that defendant made its loan representations "as of the Closing Date," which was May 25, 2006, the claims accrued on that date and not earlier.

Nonetheless, the court correctly dismissed the complaint. The summons with notice filed by the certificate holders on May 25, 2012, while timely, was ineffective, because the certificate holders lacked standing to assert claims against defendant. Plaintiff's argument that it alleged compliance with the no-action clause, permitting the certificate holders to assert claims on behalf of the trust, is not persuasive, since the pooling and servicing agreement specifically refutes this basis for the certificate holders' allegations of standing. Thus, the untimely claim brought by plaintiff on November 30, 2012 could not relate back to the defective summons, because no valid action was commenced by the filing of that summons (*see Goldberg v Camp Mikan-Recro*, 42 NY2d 1029 [1977]; *Southern Wine & Spirits of Am., Inc. v Impact Envtl. Eng'g, PLLC*, 80 AD3d 505, 505-506 [1st Dept 2011]). Concur—Tom, J.P., Saxe, Richter and Kapnick, JJ.