■ GEOFFREY VARGA et al., Appellants, v McGRAW HILL FINANCIAL, INC., Formerly Known as THE McGRAW-HILL COMPANIES, INC., et al., Respondents, et al., Nominal Defendants. [48 NYS3d 24]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered August 4, 2015, which, inter alia, granted defendants McGraw Hill Financial, Inc., Standard & Poor's Financial Services LLC, Moody's Corporation, Moody's Investors Service Inc., Moody's Investors Service Limited, Fitch Group, Inc., Fitch Ratings, Inc. and Fitch Ratings Limited's (the rating agencies) motion to dismiss the complaint, unanimously affirmed, without costs. Order, same court and Justice, entered on or about January 13, 2016, which, upon renewal, adhered to the original determination, and denied the part of plaintiffs' motion seeking leave to amend the complaint, unanimously affirmed, without costs.

Plaintiffs allege that the rating agencies fraudulently misrepresented the creditworthiness of certain residential mortgage-backed securities and collateralized debt obligations secured by subprime residential mortgages by assigning them artificially high ratings, and that the nominal defendants (the master funds), in which Bear Stearns High-Grade Structured Credit Strategies (Overseas) Ltd. and Bear Stearns High-Grade Structured Credit Strategies Enhanced Leverage (Overseas) Ltd. (the feeder funds), of which plaintiffs are the joint official liquidators, invested all their capital and were shareholders and/or investors, relied upon those misrepresentations in deciding to invest in those securities and maintain the investments.

Plaintiff's claims were brought more than six years after the last purchase of securities (CPLR 213 [8]) and thus are time-barred (*see Prichard v 164 Ludlow Corp.*, 49 AD3d 408 [1st Dept 2008]; *see also CIFG Assur. N. Am., Inc. v Credit Suisse*

*Sec. [USA] LLC*, 128 AD3d 607, 608 [1st Dept 2015], *lv denied* 27 NY3d 906 [2016]).

Plaintiffs' contention that they did not sustain an injury until after the purchase of the securities, and that therefore the fraud claim could not have accrued before then, is belied by their pleadings, which reflect an understanding that the securities were worth less than their price at the time of purchase (*see Continental Cas. Co. v PricewaterhouseCoopers, LLP*, 15 NY3d 264, 271 [2010]). Plaintiffs' reliance on *New York City Tr. Auth. v Morris J. Eisen, P.C.* (276 AD2d 78 [1st Dept 2000]), is misplaced, since the payments in this case were made at the time of purchase.

To the extent plaintiffs allege "holder" claims, i.e., fraudulent inducement to continue to hold the securities, these claims violate the "out-of-pocket" rule governing damages recoverable for fraud, and are not actionable (*see Bank Hapoalim B.M. v WestLB AG*, 121 AD3d 531, 535 [1st Dept 2014], *lv denied* 24 NY3d 914 [2015], citing *Starr Found. v American Intl. Group, Inc.*, 76 AD3d 25, 27-28 [1st Dept 2010]).

Moreover, plaintiffs lack standing to sue derivatively. The law of the Cayman Islands, which the parties agree governs this issue, generally prohibits derivative actions, and plaintiffs do not allege that they fall within any of the exceptions to the general rule (*see Foss v Harbottle*, [1843] 67 Eng Rep 189, 2 Hare 461; *Johnson v Gore Wood & Co.*, [2002] EWHC [Admin] 776, 2 AC 1 [HL]; *see also Shenwick v HM Ruby Fund, L.P.*, 106 AD3d 638 [1st Dept 2013]).

Plaintiffs' lack of standing was not cured by the master funds' subsequent assignment of their claims, and the proposed amended complaint by plaintiffs, as assignees, does not relate back to the earlier filed complaint (*see* CPLR 203 [f]; *Nomura Asset Acceptance Corp. Alternative Loan Trust v Nomura Credit & Capital, Inc.*, 139 AD3d 519, 520 [1st Dept 2016]; *Southern Wine & Spirits of Am., Inc. v Impact Envtl. Eng'g, PLLC*, 80 AD3d 505 [1st Dept 2011]). Concur—Sweeny, J.P., Acosta, Mazzarelli, Manzanet-Daniels and Webber, JJ.