Rizack v Signature Bank, N.A. (2019 NY Slip Op 01494)





Rizack v Signature Bank, N.A.


2019 NY Slip Op 01494


Decided on February 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2019

Friedman, J.P., Kapnick, Webber, Oing, Singh, JJ.


8548 653920/14

[*1]Joshua Rizack, etc., Plaintiff-Appellant,
v
Signature Bank, N.A., Defendant-Respondent.


Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York (Fred B. Ringel of counsel), for appellant.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Jeffrey A. Miller of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered April 20, 2017, which granted defendant's motion to dismiss plaintiff's second amended complaint with prejudice, unanimously affirmed, without costs.
In September 2007, West End Financial Advisors LLC entered into a $200 million credit and security agreement with the German Bank then known as WestLB AG. Two months later, as provided for in the credit agreement, WestLB entered into an interest reserve account agreement (IRA agreement) with defendant Signature Bank. Plaintiff alleges that, from early 2008 to January 2009, defendant permitted West End's principal to make transfers out of the interest reserve account in breach of the IRA agreement.
In 2011, WestLB entered into an assignment agreement with West End where it appeared to assign all claims it held "in connection with" the credit agreement "and the other Transaction Documents" as defined in the credit agreement. This assignment, however, was explicitly amended and restated in a 2014 assignment. The 2014 assignment limited the claims actually assigned to those held "in connection with" the credit agreement. The language of this 2014 assignment unambiguously limits the claims transferred to the credit agreement (see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 409 [1st Dept 2009]; FCI Group, Inc. v City of New York, 54 AD3d 171, 177 [1st Dept 2008], lv denied 11 NY3d 716 [2009]), and there is no evidence in the assignment language that the parties intended to transfer any of WestLB's claims under the IRA agreement. Accordingly, plaintiff did not possess or have any legal rights to the IRA agreement claim when he filed the original complaint in December 2014. Therefore, he lacked standing at the commencement of the case.
In July 2015, realizing that the 2014 assignment did not transfer the IRA agreement breach of contract claim, the parties explicitly transferred this claim. Plaintiff's lack of standing at the commencement of this action was not cured by this
subsequent assignment of the claim (see Varga v McGraw Hill Fin., Inc., 147 AD3d 480, 481 [1st Dept 2017], lv denied 29 NY3d 908 [2017]).
Moreover, the six-year statute of limitations for all claims alleging breach of the IRA [*2]agreement expired in January 2015. As such, the allegations in the second amended complaint were time-barred (see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402-403 [1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 28, 2019
CLERK