Bankers Conseco Life Ins. Co. v KPMG LLP (2020 NY Slip Op 07128)





Bankers Conseco Life Ins. Co. v KPMG LLP


2020 NY Slip Op 07128


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ. 


Index No. 653765/19 Appeal No. 12503 Case No. 2020-02387 

[*1]Bankers Conseco Life Insurance Company et al., Plaintiffs-Appellants,
v
KPMG LLP, Defendant-Respondent.


Sills Cummis & Gross P.C., New York (Richard H. Epstein of counsel), for appellants.
Foley Hoag LLP, New York (Lisa C. Wood of counsel), for respondent.



Orders, Supreme Court, New York County (O. Peter Sherwood, J.), entered April 21 and 22, 2020, which, to the extent appealed from as limited by the briefs, granted defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the claim for aiding and abetting fraud, unanimously reversed, on the law, without costs, and the motion denied.
We find that the motion court erred in dismissing plaintiffs' claim for aiding and abetting fraud. The complaint adequately alleged an underlying fraud, actual knowledge of the fraud and, substantial assistance (see Oster v Kirschner, 77 AD3d 51, 55 [1st Dept 2010]). The complaint [*2]adequately alleges that defendant had actual knowledge of the fraudulent scheme of nonparties Beechwood Re, Ltd., the Platinum hedge fund, and the individuals associated therewith (see Gansett One, LLC v Husch Blackwell, LLP, 168 AD3d 579, 580 [1st Dept 2019]; William Doyle Galleries, Inc. v Stettner, 167 AD3d 501, 504 [1st Dept 2018]; Weinberg v Mendelow, 113 AD3d 485, 488 [1st Dept 2014]; AIG Fin. Prods. Corp. v ICP Asset Mgt., LLC, 108 AD3d 444, 446 [1st Dept 2013]).
The complaint adequately alleges substantial assistance by alleging that defendant enabled the fraud to proceed by coming up with the demand note scheme and providing a letter about Beechwood Re's capitalization and that plaintiffs would not have entered into transactions with Beechwood Re if defendant had not lent it credibility (see William Doyle, 167 AD3d at 504; Weinberg, 113 AD3d at 488).
The motion court ruled that defendant's valuation letter did not amount to substantial assistance because it lacked "information sufficient for reliance by defedefe. Assuming, arguendo, that reliance is required for aiding and abetting (as opposed to fraud), the question of what constitutes reasonable reliance is not generally to be resolved as a matter of law on a motion to dismiss (ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1045 [2015]). Unlike Churchill Fin. Cayman, Ltd. v BNP Paribas (95 AD3d 614 [1st Dept 2012]), relied upon by defendant, this is not a case where defendant was merely silent and there is no indication that Beechwood Re's capitalization was a matter of public record. Finally, in Churchill, the plaintiff was specifically advised in the Confidential Information Memorandum of certain unspecified litigation. There was no similar red flag here.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020