Bullen v CohnReznick, LLP (2021 NY Slip Op 03369)





Bullen v CohnReznick, LLP


2021 NY Slip Op 03369


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 650144/20 Appeal No. 13927 Case No. 2020-03485 

[*1]Bruce Bullen et al., Plaintiffs-Respondents,
v
CohnReznick, LLP, Defendant-Appellant.


Sidley Austin LLP, New York (James O. Heyworth and Bruce R. Braun of the Bar of the State of Illinois, admitted pro hac vice, of counsel), for appellant.
Oved & Oved LLP, New York (Glen B. Lenihan of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about July 27, 2020, which denied defendant accountant's motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, with costs.
Plaintiffs sufficiently alleged a cause of action for fraud with particularity (CPLR 3016[b]). The complaint contains "a particularized factual assertion which supports the inference of scienter," providing "some rational basis for inferring that the alleged misrepresentation was knowingly made" (Houbigant, Inc. v Deloitte & Touche, 303 AD2d 92, 97-98 [1st Dept 2003]; see also Eurycleia Partners, LP v Seward & Kissel, LLP, 12 NY3d 553, 559 [2009]). In particular, the "[a]llegations of 'red flags,' when coupled with allegations of GAAP and GAAS violations, are sufficient to support a strong inference of scienter" (In re Bear Stearns Cos., Inc. Securities, Derivative & ERISA Litig., 763 F Supp 2d 423, 511 [SD NY 2011]; see also State St. Trust Co. v Ernst, 278 NY 104, 112 [1938]). "[A]t the pleading stage of a fraud case against an accountant, the plaintiff need not be able to make an evidentiary showing of exactly what the accountant knew as to falsehoods in the certified financial statements" (Houbigant, Inc., 303 AD2d at 97).
Plaintiffs also sufficiently alleged the element of reasonable reliance. They allegedly "took reasonable steps to protect [themselves] against deception by" having their advisor "examin[e] available financial information to ascertain the true nature of" the investment fund's asset valuation, including contacting defendant about the results of its audits, which were "matters peculiarly within the [defendant's] knowledge" (IKB Intl. S.A. v Morgan Stanley, 142 AD3d 447, 448-449 [1st Dept 2016]). Moreover, "reasonable reliance is not generally a question to be resolved as a matter of law on a motion to dismiss" (ACA Fin. Guar. Corp. v Goldman, Sachs & Co., 25 NY3d 1043, 1045 [2015]). The same is true for the aiding and abetting fraud claim, to the extent that it may require a showing of reasonable reliance (Bankers Conseco Life Ins. Co. v KPMG LLP, 189 AD3d 402, 403 [1st Dept 2020]).
Also as to the claim for aiding and abetting fraud, the complaint sufficiently alleged "actual knowledge" of the investment fund manager's fraud, which "need only be pleaded generally" (Oster v Kirschner, 77 AD3d 51, 55 [1st Dept 2010]). The timing of defendant's alleged receipt of information from the prior auditor of a related fund indicating a material weakness in the process of asset valuation, as well as defendant's multiple years of auditing the fund's financial statements, allow for the inference that defendant "willingly turned a blind eye to evidence" that the fund's asset valuations were fraudulent with no documentation supporting them (AIG Fin. Prods. Corp. v ICP Asset Mgt., LLC, 108 AD3d 444, 446 [1st Dept 2013]; see also Weinberg v Mendelow, 113 AD3d 485, 488 [1st Dept 2014]). The complaint also [*2]sufficiently alleged, inter alia, that defendant "ignored irregularities" in the fund's "books and records," which, if reviewed, would have uncovered the fraud (Weinberg, 113 AD3d at 488).
As to the claim for aiding and abetting breach of fiduciary duties, the complaint sufficiently alleged defendant's actual knowledge of the fund manager's improper related-party transactions and unauthorized loans to the related fund, given defendant's access to the fund's financial information (Kaufman v Cohen, 307 AD2d 113, 125-126 [1st Dept 2003]), as well as defendant's "strong financial motive" to aid the fund manager, given its allegedly inflated fees (see In re Sharp Intl. Corp. [Sharp Intl. Corp. v State St. Bank & Trust Co.], 281 BR 506, 513-516 [ED NY Bankr 2002], affd 302 BR 760 [ED NY 2003], affd 403 F3d 43 [2d Cir 2005]). There are allegations not only that defendant fail[ed] to act when required to do so," but also that defendant "affirmatively assist[ed]" the fund manager to convince one investor plaintiff to invest additional capital, which obviates any need for plaintiffs to allege that "defendant owe[d] a fiduciary duty directly to" them (Kaufman, 307 AD2d at 126, citing Sharp, 281 BR at 516).
Finally, we do not find that plaintiffs have asserted nonactionable "holder" claims (compare Feinberg v Marathon Patent Group Inc., 193 AD3d 568 [1st Dept 2021]; Varga v McGraw Hill Fin., Inc., 147 AD3d 480, 481 [1st Dept 2017], lv denied 29 NY3d 908 [2017]). They do not seek "recovery for the loss of the value that might have been realized in a hypothetical market exchange that never took place," but
instead assert "an out-of-pocket loss, specifically, the loss of their investment" (Starr Found. v American Intl. Group, Inc., 76 AD3d 25, 33 [1st Dept 2010], citing Continental Ins. Co. v Mercadante, 222 AD 181, 182 [1st Dept 1927]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021