Deer Park Rd. Mgt. Co., LP v Nationstar Mtge., LLC (2024 NY Slip Op 06422)

Deer Park Rd. Mgt. Co., LP v Nationstar Mtge., LLC

2024 NY Slip Op 06422

Decided on December 19, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2024

Before: Kapnick, J.P., Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 654474/22 Appeal No. 3290 Case No. 2023-04983 

[*1]Deer Park Road Management Company, LP, et al., Plaintiffs-Respondents,
v
Nationstar Mortgage, LLC, et al., Defendants-Appellants. Interested Certificateholders, Amici Curiae.

Mayer Brown LLP, New York (Charles A. Rothfeld of counsel), for appellants.
Sadis & Goldberg LLP, New York (Samuel J. Lieberman of counsel), for respondents.
Warner Partners, P.C., New York (Kenneth E. Warner of counsel), for amici curiae.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered September 7, 2023, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(3) and (7), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants are not collaterally estopped from relitigating whether "unpaid principal balance of each Mortgage Loan" — the applicable contractual language — includes principal that was forborne, i.e., deferred. The issue involves the interpretation of an unambiguous contract, which is a question of law, and "collateral estoppel does not . . . bar relitigation of a pure question of law" (New Hampshire Ins. Co. v Clearwater Ins. Co., 129 AD3d 99, 110-111 [1st Dept 2015] [internal quotation marks omitted]; see also e.g. American Home Assur. Co. v International Ins. Co., 90 NY2d 433, 440 [1997]).
The complaint should have been dismissed because plaintiffs lack standing to sue due to their failure to comply with the Trust Agreement's no-action clause (see ACE Sec. Corp. v DB Structured Prods., Inc., 112 AD3d 522, 523 [1st Dept 2013], affd 25 NY3d 581 [2015]; Nomura Asset Acceptance Corp. Alternative Loan Trust v Nomura Credit & Capital, Inc., 139 AD3d 519, 520 [1st Dept 2016]). At a minimum, plaintiffs did not, more than 60 days before commencing this action, offer the Trustee reasonable indemnity against the costs of the action that they now claim they asked it to bring.
Contrary to plaintiffs' argument, compliance with the no-action clause should not be excused as futile. This is not a case where plaintiffs are requesting "that the trustee sue itself" (IKB Intl., S.A. v Wells Fargo Bank, N.A., 40 NY3d 277, 284 [2023]; see also Blackrock Balanced Capital Portfolio [FI] v U.S. Bank N.A., 165 AD3d 526, 528 [1st Dept 2018]).
In view of the foregoing, we need not reach the parties' substantive arguments as to whether plaintiffs state claims for breach of contract, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2024