| |
|:---:|
| **Pet Turtle Branding LLC v Iwanyk** |
| 2025 NY Slip Op 30366(U) |
| January 27, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 653455/2024 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. LYLE E. FRANK**        **PART**        **11M**

*Justice*

-------------------------------------------------------------------------------X

PET TURTLE BRANDING LLC,

                  Plaintiff,

               - v -

BASIL IWANYK, THUNDER ROAD PRODUCTIONS,
INC.,THUNDER ROAD FILM PRODUCTIONS, GAME 1,
LLC

                  Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653455/2024 |
| **MOTION DATE** | 09/13/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 16, 17, 18, 19, 20, 21, 22, 23, 24, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55

were read on this motion to/for                DISMISS            .

Upon the foregoing documents, defendants' motion is granted in part and denied in part.

Plaintiff's cross-motion is granted.[1]

## Background

Plaintiff, Pet Turtle Branding, LLC, brings this action against Defendants Basil Iwanyk, Thunder Road Productions, Inc., Thunder Road Film Productions, and Game 1, LLC (collectively "Defendants")[2] seeking payment for work Plaintiff allegedly did for Defendants. Plaintiff's complaint alleges causes of action including breach of contract, breach of duty of good faith and fair dealing, account stated, tortious interference with contract, quantum meruit, and unjust enrichment.

## Discussion

---

[1] The Court would like to thank Special Master Jason Lowe, Esq. for his assistance in this matter.

[2] The movants are all defendants other than Thunder Road Productions, Inc.

**653455/2024   PET TURTLE BRANDING LLC vs. IWANYK, BASIL ET AL**        **Page 1 of 4**
**Motion No.  001**

[* 1]

Defendants move to dismiss the complaint pursuant to both CPLR 3211(a)(5) and (7). It is well-settled that on a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), the pleading is to be liberally construed, accepting all the facts as alleged in the pleading to be true and giving the plaintiff the benefit of every possible inference (*Avgush v Town of Yorktown*, 303 AD2d 340, 755 N.Y.S.2d 647 [2d Dept 2003]; *Bernberg v Health Mgmt. Sys.*, 303 AD.2d 348, 756 N.Y.S.2d 96 [2d Dept 2003]).

CPLR § 3211(a)(5) allows for a complaint to be dismissed if, among other reasons, it is barred by the statute of limitations. For motions made pursuant to this provision, the defendant has the "initial burden of demonstrating, prima facie, that the time within to commence the cause of action has expired", at which point the burden then shifts to the plaintiff to "raise a question of fact as to whether the statute of limitations is tolled or otherwise inapplicable." (*Haddad v. Muir*, 215 A.D.3d 641, 642-43, 186 N.Y.S.3d 669 [2nd Dept. 2023]).

**Breach of Contract**

Defendants argue that the breach of contract cause of action must be dismissed due to the lack of a signed agreement and missing terms in written documents plaintiff does have. However, "an unsigned contract may be enforceable, provided there is objective evidence establishing that the parties intended to be bound" (*Gallagher v Long Is. Plastic Surgical Group, P.C.*, 113 AD3d 652, 653 [2d Dept 2014] quoting *Flores v Lower E. Side Serv. Ctr., Inc.*, 4 NY3d 363, 369, 828 NE2d 593, 795 NYS2d 491 [2005]). Therefore, the breach of contract cause of action survives because on the record before the Court, there are disputes regarding proof of the existence or terms of an agreement and therefore dismissal is not appropriate on this motion.

**Breach of Duty of Good Faith and Fair Dealing**

653455/2024   PET TURTLE BRANDING LLC vs. IWANYK, BASIL ET AL
Motion No.  001

Page 2 of 4

The claim for breach of the implied covenant of good faith and fair dealing merely alleges a breach of the contact and therefore fails because it is entirely duplicative of the breach of contract claim (*TeeVee Toons, Inc. v Prudential Sec. Credit Corp., L.L.C.*, 8 AD3d 134, 134, 778 N.Y.S.2d 274 [1st Dept 2004] [affirming dismissal of claim for breach of the implied covenant of good faith because it was "redundant" of breach of contract claim]; *Triton Partners v Prudential Sec.*, 301 AD2d 411, 411, 752 N.Y.S.2d 870 [1st Dept 2003] [same]).

**Account Stated**

"An account stated exists where a party to a contract receives bills or invoices and does not protest within a reasonable time" (*Bartning v Bartning*, 16 AD3d 249, 250 [1st Dept 2005]). The complaint and submissions submitted in opposition to this motion are sufficient to meet the standard of showing there is a cause of action for account stated and therefore the motion to dismiss this cause of action is denied.

**Quasi Contract Claims**

The complaint alleges quasi contractual causes of action for quantum meruit and unjust enrichment. Defendants move to dismiss arguing that the claims are duplicative. However, a plaintiff may proceed on a quasi-contractual theory and a breach of contract when "there is a bona fide dispute as to the existence of a contract or the application of a contract in the dispute in issue" (*Scarola Ellis LLP v Padeh*, 116 AD3d 609, 611, 984 N.Y.S.2d 56 [1st Dept 2014] [internal quotation marks omitted]). As is discussed above, Defendants dispute whether the parties entered into a contract. Therefore, at this stage of the litigation, the quasi-contract claims will not be dismissed.

**Tortious Interference With Contract**

**653455/2024   PET TURTLE BRANDING LLC vs. IWANYK, BASIL ET AL**
**Motion No.  001**

**Page 3 of 4**

3 of 4

[* 3]

The complaint alleges a tortious interference with contract based on a theory that the defendants induced a breach of contract. However, the complaint also alleges that the defendants are parties to that contract. "It is well established that only a stranger to a contract, such as a third party, can be liable for tortious interference with a contract." (*Bradbury v. Israel*, 204 A.D.3d 563, 564 [1st Dep't 2022] [quoting *Koret, Inc. v. Christian Dior, S.A.*, 161 A.D.2d 156, 157 [1st Dep't 1990]). Since none of the defendants are alleged to be a stranger to the contract they allegedly interfered with, the tortious interference with contract cause of action must be dismissed.

Accordingly, it is hereby

ORDERED and ADJUDGED that Defendants' motion to dismiss the complaint is granted to the extent that the claim for breach of duty and good faith and fair dealing (second cause of action) and the claim for tortious interference with contract (fourth cause of action) are dismissed; and it is further

ADJUDGED the Defendants' motion to dismiss is otherwise denied; and it is further

ADJUDGED that Plaintiff's cross-motion is granted to the extent that a preliminary conference is scheduled in this matter for March 25th, 2025 at 10:30 a.m.

20250127163131LFRANK8F3BF7AAE589492485B36C4E1C1D3ECE

__1/27/2025__
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**653455/2024   PET TURTLE BRANDING LLC vs. IWANYK, BASIL ET AL**
**Motion No.  001**

**Page 4 of 4**

4 of 4