Thoro-Graph Inc. v New York Racing Assn., Inc. (2025 NY Slip Op 01306)

Thoro-Graph Inc. v New York Racing Assn., Inc.

2025 NY Slip Op 01306

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Kern, J.P., Mendez, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 654901/22|Appeal No. 3828|Case No. 2023-06773|

[*1]Thoro-Graph Inc., Plaintiff-Appellant,
v
The New York Racing Association, Inc., et al., Defendants-Respondents.

Ruskin Moscou Faltischek, P.C., Uniondale (Norman R. Cerullo of counsel), for appellant.
Heerde Law PLLC, New York (Matthew Heerde of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered November 30, 2023, which granted defendants' motion to dismiss the third cause of action in the first amended complaint for breach of the implied covenant of good faith and fair dealing, unanimously affirmed, with costs.
Supreme Court properly dismissed the complaint's claim for breach of the covenant of good faith and fair dealing premised on the allegation that defendants terminated the parties' agreement "for an illegitimate purpose and in bad faith." The agreement contained a termination for convenience provision expressly permitting any party to the agreement to terminate it upon 180 days written notice to the other party or parties, which the covenant of good faith and fair dealing cannot negate (see Transit Funding Assoc., LLC v Capital One Equip. Fin. Corp., 149 AD3d 23, 29 [1st Dept 2017]; Triton Partners v Prudential Sec., 301 AD2d 411, 411 [1st Dept 2003]).
Contrary to plaintiff's contention, the court was not foreclosed from granting defendants' motion to dismiss the breach of the covenant of good faith and fair dealing claim simply because it had previously granted plaintiff's motion to amend the complaint to add this cause of action. In granting plaintiff leave to amend the complaint, the court did not rule on the merits on the cause of action for breach of the covenant of good faith and fair dealing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025