■ APPLE BANK FOR SAVINGS, Respondent, v PRICEWATERHOUSECOOPERS LLP, Appellant. [895 NYS2d 361]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered May 15, 2009, which, insofar as appealed from as limited by the briefs, in an action alleging accounting malpractice, denied defendant's motion for summary judgment dismissing plaintiff's claims accruing more than three years prior to the commencement of this action, plaintiff's claim for gross negligence and its claim for punitive damages, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff's malpractice claim accrued in early 2000 when its accountant rendered the allegedly improper tax advice. However, the motion court erred in finding that the statute of limitations was tolled under the continuous representation doctrine during defendant's subsequent relationship with plaintiff. Although defendant audited plaintiff's year-end financial statements, prepared its tax returns and provided ad hoc tax advice to plaintiff, it never had any express, mutual agreement to advise plaintiff on the effect of the stock buyback, after the original advice (*see Williamson v PricewaterhouseCoopers LLP*, 9 NY3d 1, 10-11 [2007]; *Zaref v Berk & Michaels*, 192 AD2d 346, 347-348 [1993]).

Dismissal of the claim alleging gross negligence is appropriate because without the time-barred claims, defendant's conduct could not arise to gross negligence, as it did not "smack[ ] of intentional wrongdoing" (*Colnaghi, U.S.A. v Jewelers Protection Servs.*, 81 NY2d 821, 824 [1993] [internal quotation marks and citation omitted]). Furthermore, since defendant's conduct was neither wantonly dishonest nor aimed at the public, the claim for punitive damages should have been dismissed (*164 Mulberry St. Corp. v Columbia Univ.*, 4 AD3d 49, 60 [2004], *lv dismissed* 2 NY3d 793 [2004]). Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Abdus-Salaam, JJ. **[Prior Case History: 23 Misc 3d 1126(A), 2009 NY Slip Op 50948(U).]**