■ MCC DEVELOPMENT CORPORATION, Appellant, v DANIEL PERLA et al., Respondents. [916 NYS2d 102]—

Orders, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered May 12, 2009 and June 15, 2009, which granted defendants' motion to dismiss the complaint and to discharge a mechanic's lien and cancel a notice of pendency, unanimously affirmed, with costs.

Pursuant to paragraph 4.4 of the contract, "[c]laims . . . shall be referred initially to the Architect for decision" and the "initial decision by the Architect shall be required as a condition precedent to mediation, arbitration or litigation of all Claims between the Contractor and Owner." Pursuant to paragraph 4.5.1, "[a]ny Claim arising out of or related to the Contract . . . shall, after initial decision by the Architect . . . be subject to mediation as a condition precedent to arbitration or the institution of legal or equitable proceedings."

Plaintiff's causes of action for foreclosure of a mechanic's lien, breach of contract, and unjust enrichment "arise out of the [c]ontract." Accordingly, Supreme Court correctly dismissed the complaint, discharged the mechanic's lien and cancelled the notice of pendency on the ground that plaintiff failed to satisfy the contract's conditions precedent to commencing litigation. These provisions were not waived by defendant 71-75 Avenue D, LLC's commencement of a proceeding against MMM Construction Corp. to discharge the mechanic's lien or by nonparty Daniel Perla Associates, L.P.'s commencement of a foreclosure proceeding against 101 Kent Assoc. in Kings County because neither proceeding involved "issues arising under" the alternate dispute resolution provisions set forth above (*see Denihan v Denihan*, 34 NY2d 307, 310 [1974]).

Defendants' "foray[s] into the courthouse" were not "inconsistent with [their] later claim that only the arbitral forum [was] satisfactory" (*Stark v Molod Spitz DeSantis & Stark, P.C.*, 9 NY3d 59, 67 [2007] [internal quotation marks and citations omitted]). Defendants' interposition of an answer with affirmative defenses and defendant Faldan Realty Co.'s assertion of a counterclaim are fairly characterized as necessary protective measures, not acts that are "clearly inconsistent" with defendants' contractual rights to arbitration (*see Matter of Zimmerman [Cohen]*, 236 NY 15, 19 [1923]). Nor was there "unreasonable delay" in defendants' assertion of those rights (*see De Sapio v Kohlmeyer*, 35 NY2d 402, 405 [1974]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Tom, Andrias and Abdus-Salaam, JJ. **[Prior Case History: 23 Misc 3d 1126(A), 2009 NY Slip Op 50945(U).]**