APPLE BANK FOR SAVINGS, Appellant, v PRICEWATERHOUSE-COOPERS LLP, Respondent. [954 NYS2d 84]—

Orders, Supreme Court, New York County (Bernard J. Fried, J.), entered December 20, 2011, which denied plaintiff's motion in limine for a clarification in its favor and concluded that the only claims remaining in this action are those concerning defendant's preparation of plaintiff's tax returns in 2002 and 2003, and granted defendant's motion in limine to preclude plaintiff from presenting, as evidence of damages, payments that it made for increased tax liability in 2002, 2004, and 2005 as a result of its share repurchases in those years, unanimously affirmed, with costs.

Plaintiff's breach of contract claim is based on the same facts as its negligence claim. Plaintiff's arguments that defendant never sought to dismiss the breach of contract claim and that such claim is governed by the six-year statute of limitations set forth in CPLR 213 (2) are unavailing. Defendant previously moved to dismiss plaintiff's causes of action for negligence and breach of contract as time-barred, arguing that they are claims for professional malpractice subject to a three-year statute of limitations (*see* CPLR 214 [6]). In its opposition, plaintiff argued that the applicable three-year statute of limitations had been tolled, relying on the doctrine of continuous representation. Plaintiff did not argue that its contract claim was governed by the six-year statute of limitations in CPLR 213 (2), and the motion court rejected the continuous representation doctrine with respect to claims arising from defendant's 2000, 2001, and 2002 audits of plaintiff's financial statements (*see Apple Bank for Sav. v PricewaterhouseCoopers, LLP,* 18 Misc 3d 1137[A], 2008 NY Slip Op 50340[U], *4 [Sup Ct, NY County 2008]). A subsequent motion to dismiss all of the remaining claims was denied, and on appeal, we rejected plaintiff's continuous representation argument (*see Apple Bank for Sav. v Pricewaterhouse-Coopers, LLP,* 23 Misc 3d 1126[A], 2009 NY Slip Op 50948[U] [Sup Ct, NY County 2009], *revd* 70 AD3d 438 [1st Dept 2010]). Thus, the motion court's denial of plaintiff's motion in limine was entirely proper.

With regard to the appeal from the order granting defendant's motion in limine to preclude certain evidence, we reject plaintiff's argument that the motion court failed to focus on when plaintiff could have brought a claim for the damages suffered as a result of the 2002 redemption. Notably, the court considered—and rejected—plaintiff's accrual argument. Further, plaintiff's contention that, by not recording a recapture of its bad debt reserve, the 2002 tax return "re-endorsed" defendant's time-barred advice that plaintiff's purchase of certain shares would not cause such a recapture, is an attempt to evade our prior decision on continuous representation (*see Apple Bank for Sav. v PricewaterhouseCoopers, LLP*, 70 AD3d at 438).

Although defendant was aware in 2002 and 2003 that plaintiff was redeeming shares, "this knowledge, in and of itself, is insufficient, *as a matter of law*" to impose liability on defendant for plaintiff's increased taxes in 2004 and 2005 (*Kenford Co. v County of Erie*, 73 NY2d 312, 320 [1989] [emphasis added]) since defendant never contemplated at the time the parties executed the engagement letter for the preparation of plaintiff's 2002 tax return "that it assumed legal responsibility for these damages upon a breach of the contract" (*id.; see also id.* at 322).

We have considered plaintiff's additional arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Renwick and Freedman, JJ.