ARCHSTONE DEVELOPMENT LLC, Appellant, v RENVAL CONSTRUCTION LLC et al., Respondents. [67 NYS3d 7]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered February 10, 2017, which granted defendants' CPLR 3211 motion to dismiss the complaint, unanimously affirmed, without costs.

The motion court correctly dismissed the causes of action for fraudulent inducement as duplicative of the breach of contract claim (*see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.,* 70 NY2d 382, 389 [1987]). Plaintiff's allegation that defendants misrepresented their intent to use a deposit to engage subcontractors amounts to allegations of an insincere promise of future performance under the contract, which is insufficient to plead fraud (*see Cronos Group Ltd. v XComIP, LLC,* 156 AD3d 54 [1st Dept 2017]; *Castellotti v Free,* 138 AD3d 198, 211 [1st Dept 2016]). The claim based on allegations of post-contract misrepresentations is similarly duplicative of the breach of contract claim (*Clark-Fitzpatrick,* 70 NY2d at 389).

The motion court correctly dismissed the breach of contract claim on the ground that plaintiff failed to satisfy a condition precedent required for bringing suit. Although plaintiff timely filed a notice of claim with the initial decision maker under section 15.1.2 of the AIA A201-2007 form agreement (construction agreement), it did not pursue mediation as required by section 15.3.1 (*see MCC Dev. Corp. v Perla*, 81 AD3d 474, 475 [1st Dept 2011], *lv denied* 17 NY3d 715 [2011]). Plaintiff's contention that it was not required to comply with the condition precedent because the agreement giving rise to the deposit was separate and distinct from the construction agreement is unavailing. As the construction agreement governs costs and payment for work performed, which included the 10% deposit, the negotiations and agreement giving rise to the deposit have been superseded by the construction agreement pursuant to the latter agreement's merger clause (*see Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 599-600 [1997]; *Garthon Bus. Inc. v Kirill Ace Stein*, 138 AD3d 587, 591-592 [1st Dept 2016], *appeal dismissed* 27 NY3d 1182 [2016]).

The motion court correctly rejected plaintiff's claim of a mutual termination, in light of emails clearly showing a unilateral termination.

Although the motion court erroneously relied on an inapplicable contract provision in dismissing the breach of fiduciary duty claim, the claim should still be dismissed as duplicative of the breach of contract claim (*Clark-Fitzpatrick*, 70 NY2d at 389; *Chowaiki & Co. Fine Art Ltd. v Lacher*, 115 AD3d 600, 600 [1st Dept 2014]). Concur—Richter, J.P., Manzanet-Daniels, Andrias, Kern and Singh, JJ.