Centennial El. Indus., Inc. v JRM Constr. Mgt., LLC (2023 NY Slip Op 00152)

Centennial El. Indus., Inc. v JRM Constr. Mgt., LLC

2023 NY Slip Op 00152

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Singh, Mendez, Rodriguez, JJ. 

Index No. 652810/20 Appeal No. 17066 Case No. 2022-01092 

[*1]Centennial Elevator Industries, Inc., Plaintiff-Appellant,
v
JRM Construction Management, LLC, Defendant-Respondent.

The Lambos Firm, LLP, Tarrytown (Carol N. Lambos of counsel), for appellant.
Clark Guldin, New York (Janesa Urbano of counsel), for respondent.

Order, Supreme Court, New York County (Louis L. Nock, J.), entered August 19, 2021, which, to the extent appealed from, granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
The court correctly dismissed the complaint based on the mediation provision in the parties' master subcontractor agreement (MSA) as incorporated by reference into the purchase order. The mediation provision was enforceable against plaintiff even though plaintiff did not sign the MSA because the language of the purchase order, which plaintiff signed, unambiguously reflected the parties' intent that the MSA govern the parties' relationship until the parties formally execute the MSA (see Gabriel Capital, L.P. v CAIB Investmentbank AG., 28 AD3d 376, 378 [1st Dept 2006], lv dismissed 7 NY3d 922 [2006]; Liberty Mgt. & Constr. v Fifth Ave. & Sixty-Sixth St. Corp., 208 AD2d 73, 77-79 [1st Dept 1995]). Because the MSA required plaintiff to mediate disputes arising from the agreement as a condition precedent to commencing litigation, and plaintiff failed to submit the dispute to mediation before commencing this action, the complaint was correctly dismissed (see Archstone Dev. LLC v Renval Constr. LLC, 156 AD3d 432, 433 [1st Dept 2017]; MCC Dev. Corp. v Perla, 81 AD3d 474, 474 [1st Dept 2011], lv denied 17 NY3d 715 [2011]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023