Island Consol. v Grassi & Co. (2025 NY Slip Op 03382)

Island Consol. v Grassi & Co.

2025 NY Slip Op 03382

Decided on June 05, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 05, 2025

Before: Renwick, P.J., Kapnick, Mendez, Pitt-Burke, Michael, JJ. 

Index No. 451469/23|Appeal No. 4542|Case No. 2025-00561|

[*1]Island Consolidated, et al., Plaintiffs-Respondents,
v
Grassi & Co., Certified Public Accountants PC, Defendant-Appellant.

Rivkin Radler LLP, Uniondale (David S. Wilck of counsel), for appellant.
Shook, Hardy & Bacon LLP, New York (Michael Rayfield of counsel), for respondents.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered January 9, 2025, which denied defendant's motion to dismiss the amended complaint, unanimously affirmed, with costs.
Plaintiffs brought this action alleging professional malpractice and gross negligence in connection with defendant's sales tax advice and guidance. The parties' relationship is governed by engagement agreements that set forth the services defendant agreed to perform, including preparing and auditing financial statements and preparing corporate and partnership income tax returns for plaintiffs. The scope of the services did not mention giving sales tax advice. The engagement agreements did, however, provide a framework for plaintiffs to add "Additional Services" beyond those already listed, and that such additional services may be the subject of a separate written agreement. The engagement agreements also required notice and mediation prior to the filing of any lawsuit.
In early 2015, at plaintiffs' request, defendant agreed to provide sales tax advice and guidance. No separate engagement agreement was executed governing this additional service. Plaintiffs allege that they expended large sums of money and reorganized their business operations based on this allegedly incorrect advice from defendant.
Supreme Court correctly concluded that defendant failed to establish that the complaint should be dismissed based on plaintiffs' alleged failure to satisfy a condition precedent for commencing this lawsuit — namely, the notice and mediation requirement. While the failure to satisfy an agreed-upon condition precedent could warrant dismissal (see e.g. Archstone Dev. LLC v Rencal Constr. LLC, 156 AD3d 432, 433 [1st Dept 2017]), defendant did not establish that the engagement agreements and their condition precedent language unambiguously covers plaintiffs' causes of action, all of which involve the sales tax advice provided by defendant, a service that was not included on the specific list of services contained in the engagement agreements.
The court also correctly denied defendant's motion to the extent it sought dismissal based on the statute of limitations. While the allegedly incorrect sales tax advice was originally given to plaintiffs in 2015, plaintiffs alleged that in 2021, in response to a New York State tax audit, defendant undertook the representation of plaintiffs in defense of the sales tax advice and guidance it had provided in 2015, thus supporting the application of the continuous representation doctrine sufficient to toll the statute of limitations (see Lemle v Regen, Benz & MacKenzie, C.P.A's, P.C., 165 AD3d 414, 415 [1st Dept 2018]; cf. Apple Bank for Sav. v PricewaterhouseCoopers LLP, 70 AD3d 438, 438 [1st Dept 2010]).
Furthermore, even assuming that plaintiffs' causes of action are subject to the engagement agreement language limiting the amount and type of damages available, it would be premature, at this pre-discovery stage and without any finding [*2]as to whether defendant was grossly negligent, to dismiss any of the categories of damages.
We have considered defendant's remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 5, 2025