Greer v FAM Networks, LLC
2026 NY Slip Op 04039
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Steven M. Greer, Respondent,
v
FAM Networks, LLC et al., Appellants.

Decided and Entered: June 25, 2026
Index No. 650633/25|Appeal No. 6969|Case No. 2025-08078|
Before: Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

Strauss Law PLLC, New York (Jesse Strauss of counsel), for appellants.
The Law Offices of Michael D. Steger, PC, Orangeburg (Michael D. Steger of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Robert R. Reed, J.), entered on or about November 18, 2025, which, to the extent appealed from, denied defendants' motion to dismiss plaintiff's breach of contract cause of action, unanimously affirmed, with costs.
This action concerns an agreement to manage and monetize the online social media presence of plaintiff Dr. Steven M. Greer, a public figure and content creator. The profit-sharing agreement at issue is composed of defendant FAM Networks, LLC's General Terms and the parties' Statement of Work.
The court properly denied defendants' motion to dismiss the breach of contract cause of action pursuant to CPLR 3211(a)(7). The complaint sufficiently states a claim for breach of contract, as it identifies the agreement, and alleges plaintiff's performance, defendants' breach of numerous provisions, including the profit-sharing agreement's payment obligations, and resulting damages (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). Although the pleaded damages were imprecise, it is not fatal at this pre-answer, pre-discovery stage of the litigation (see Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 56 [2016]). Accordingly, we decline to consider defendants' alternative arguments for dismissal pursuant to CPLR 3211(a)(1).
The action was not premature, as defendants did not prove that there was no notice or that the agreement's notice and mediation provisions were express conditions precedent (see MCC Dev. Corp. v Perla, 81 AD3d 474, 474 [1st Dept 2011], lv denied 17 NY3d 715 [2011]; Oppenheimer & Co., Inc. v Oppenheim, Appel, Dixon & Co., 86 NY2d 685, 690 [1995]). That either party "may" demand mediation suggests permissiveness (Oppenheimer & Co., Inc., 86 NY2d at 690-691). As to the argument that plaintiff failed to invoke the agreement's audit procedures, defendants' alleged withholding of accountings frustrated the process (see MHR Capital Partners LP, 12 NY3d at 646).
In light of our determination, we need not reach plaintiff's alternative request for leave to amend, which, in any event, was improperly made without a motion, proposed amendment, or explanation for the delay (see Heller v Louis Provenzano, Inc., 303 AD2d 20, 24 [1st Dept 2003]).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026